IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN FORD BRIGGS, | : | No. 3:11-CV-2156 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| JOHN E. WETZEL, Secretary, Pennsylvania Department of Corrections, et al., | : | THIS IS A CAPITAL CASE |
| Respondents | : | |

## MEMORANDUM

Presently pending before the Court is Petitioner Dustin Ford Briggs' unopposed motion to dismiss this case without prejudice. (Doc. 40.) In the motion, Petitioner informs the Court that the collateral claims he has raised in state court have not yet been fully exhausted for the purpose of federal review and, therefore, this Court's consideration of the case can await completion of the state proceedings. For the reasons that follow, the motion to dismiss (Doc. 40) will be granted and this case will be closed. As a result of dismissal, the Court will also vacate the stay of execution entered in this case on January 26, 2012. (Doc. 11.)

## I. Background

This is a capital habeas corpus proceeding brought by a Pennsylvania state prisoner. Following his convictions for first degree murder and related counts, Petitioner was sentenced to death on March 15, 2006, in the Court of Common Pleas of Bradford County, Pennsylvania. (Doc. 15.) Petitioner's convictions and sentences of death were affirmed by the Pennsylvania Supreme Court on January 19, 2011. *See Commonwealth v. Briggs*, 12 A.2d 291 (Pa. 2011). Further, his petition for certiorari

review was denied by the United States Supreme Court on October 3, 2011. *Briggs v. Pennsylvania*, 132 S. Ct. 267 (2011).

On November 17, 2011, Petitioner filed a motion for leave to proceed *in forma pauperis*, (Doc. 1), and a motion for appointment of federal habeas corpus counsel and for a stay of execution, (Doc. 2.) On December 28, 2011, the Court granted the motion for leave to proceed *in forma pauperis* and motion for the appointment of counsel, but dismissed the motion for a stay of execution without prejudice to a renewal of such a motion at the time a death warrant is issued by the Governor of Pennsylvania. (Doc. 3.) After then-Governor Tom Corbett signed a warrant scheduling Petitioner's execution for March 8, 2012, Petitioner filed an emergency motion for a stay of execution on January 11, 2012. (Doc. 4.) The Court granted that motion by Order dated January 26, 2012. (Doc. 11.) On that same date, the Court issued an Order directing Respondents to file a complete copy of the state court proceedings and Petitioner to file a petition for writ of habeas corpus on or before July 23, 2012. (Doc. 12.)

According to Petitioner, he filed a petition for post-conviction collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546, in the Bradford County court on July 6, 2012.[1] (*See* Doc. 15.) Since that time, in this Court Petitioner has filed multiple motions for extensions of time to file his federal habeas petition, which the Court has granted. (*See* Docs. 13, 14, 17, 18-22, 24-37.) In response to Petitioner's latest motion for an extension of time (*see* Doc. 38), the Court directed Petitioner to file a response showing cause why this action should not be

---

[1] Additionally, the Court takes judicial notice of Petitioner's criminal case in the Bradford County Court at *Commonwealth v. Briggs*, CP-08-CR-0000348-2004 (Bradford Cnty. Com. Pl.).

2

dismissed without prejudice pending the exhaustion of his state court remedies, (Doc. 39). Petitioner's instant motion to dismiss without prejudice is filed in response to the Court's Order. (Doc. 40.) Respondents do not oppose this motion. (Doc. 40-1.)

## II. Discussion

### A. Statutory Framework

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

A petitioner filing for relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), must generally comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), before a federal court can consider the merits of his habeas corpus petition. Pursuant to § 2254(b)(1)(A), the petitioner must give the state courts an opportunity to review allegations of error before seeking relief in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must

3

have the first opportunity to decide a petitioner's claims).

AEDPA also establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 1154(d)(1); *Wilson v. Beard*, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. § 2244(d)(1)(A); *Clay v. United States*, 537 U.S. 522, 525 (2003). The one-year limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2); *see also Pace v. Diguglielmo*, 544 U.S. 408 (2005).

Under Pennsylvania's Post-Conviction Relief Act, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 PA. CONS. STAT. § 9545(b)(1). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or at the expiration of time for seeking such review. *Id.* § 9545(b)(3).

## B. Briggs' Petition

Although courts have routinely entered stays to permit petitioners to exhaust state post-conviction proceedings, the United States Supreme Court has recognized that:

> Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] purpose. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court

4

prior to filing his federal petition.

*Rhines v. Weber*, 544 U.S. 269, 277 (2005). Accordingly, stays of federal habeas petitions pending the exhaustion of state remedies are available only where: (1) the petitioner has shown good cause for failing to exhaust his claims first in state court; (2) his unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78; *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir. 2009).

Unlike *Rhines* and *Heleva*, in the case at bar, there is little concern that refusing to grant a stay in this matter will in any way prejudice Petitioner's ability to seek federal habeas relief. The statute of limitations on Petitioner's federal and state post-conviction proceedings began to run on October 3, 2011. On July 6, 2012, Petitioner filed a petition for PCRA relief in the Bradford County Court of Common Pleas. *See Commonwealth v. Briggs*, CP-08-CR-0000348-2004 (Bradford Cnty. Com. Pl.). Thus, the filing of Petitioner's PCRA petition tolled the one-year federal limitations period. 28 U.S.C. § 2244(d)(2). Once Petitioner exhausts his claims through the PCRA process, he will have 87 days remaining on his one-year limitations period in which to file a timely federal habeas petition. As a result, Petitioner is now seeking dismissal of this case without prejudice in order for him to exhaust his claims in the state courts. In light of the concurrence of Respondents, the Court will grant Petitioner's motion without further discussion. *See Parrish v. Wetzel*, No. 1:14-CV-00966, 2015 WL 3441965 (M.D. Pa. May 28, 2015) (denying stay of federal proceedings where 262 days remained to timely file federal habeas petition); *Chamberlain v. Wetzel*, No. 1:12-CV-01271, 2013 WL

5

6328093 (M.D. Pa. Dec. 5, 2013) (granting motion to dismiss habeas petition without prejudice in order to exhaust claims in state court where 250 days remained to timely file federal habeas petition), *Dowling v. Beard*, No. 3:06-CV-02085, 2012 WL 6091572 (M.D. Pa. Dec. 7, 2012) (lifting stay of federal proceedings and stay of execution where 252 days remained to timely file federal habeas petition); *Dick v. Wetzel*, No. 1:10-CV-00988, 2012 WL 5966538 (M.D. Pa. Nov. 29, 2012) (denying stay of federal proceedings where 286 days remained to timely file federal habeas petition); *Frey v. Beard*, No. 1:07-CV-00260, 2012 WL 5845548 (M.D. Pa. Nov. 19, 2012) (lifting stay of federal proceedings and stay of execution where 228 days remained to timely file federal habeas petition); *Housman v. Wetzel*, No. 1:11-CV-0167, 2012 WL 983551 (M.D. Pa. Mar. 22, 2012) (denying stay of federal proceedings and lifting stay of execution where 109 days remained to timely file federal habeas petition); *Sherwood v. Beard*, No. 1:10-CV-1073, 2011 WL 6888653 (M.D. Pa. Dec. 30, 2011) (denying stay in capital case where petitioner had "ample time to file a new habeas petition after exhausting his state claims"); *Walter v. Beard*, No. 1:09-CV-2465, 2011 WL 5593125 (M.D. Pa. Nov. 17, 2011) (refusing to grant a stay in a capital habeas proceeding when the petitioner would have 256 days to file a timely habeas petition after exhausting her claims in state court); *Cummings v. Beard*, No. 09-CV-4033, 2011 WL 239794 (E.D. Pa. Jan. 25, 2011) (concluding that where petitioner would have 248 days to file a timely habeas petition, a stay under *Rhines* or *Heleva* was not warranted).

### III. Conclusion

Because Petitioner is afforded ample time to return to this Court after he

6

exhausts his state collateral claims, the Court will grant his unopposed motion to dismiss this case without prejudice. In addition, because the Court will dismiss this case, the stay of execution entered on January 26, 2012 (Doc. 11) will be vacated. A certificate of appealability will be denied.

An Order consistent with this Memorandum follows.

Robert D. Mariani
United States District Judge

Dated: September 04, 2015.